**VALERIE J. and Michael J., et al.**

v.

**DERRY COOPERATIVE SCHOOL DISTRICT, et al.**

No. C–88–412–L.

United States District Court, D. New Hampshire.

Sept. 12, 1991.

Wadleigh, Starr, Peters, Dunn & Chiesa by Robert E. Murphy, Jr., Manchester, N.H.; Castaldo, Hanna & Malmberg by Arpiar C. Saunders, Jr.; and Disabilities Rights Center by Ronald K. Lospennato, Concord, N.H., for plaintiffs.

Devine, Millimet, Stahl & Branch by Matthias J. Reynolds, Manchester, N.H.; New Hampshire Atty. General's Office by Claire L. Gregory, Concord, N.H.; and Soule, Leslie, Zelin, Sayward & Loughman by Gordon B. Graham, Salem, N.H., for defendants.

## ORDER ON MOTION FOR CLARIFICATION

LOUGHLIN, Senior District Judge.

The plaintiffs filed this motion seeking clarification of the following part of the courts order.

1. In its findings of fact and rulings of law, this court awarded compensation in the form of monetary damages for seven and a half months from the period May, 1987 to November, 1988 771 F.Supp. 483. No monetary damages were awarded for the period during which Casey attended Project ME from September, 1987 through January 16 or 22, 1988.

Monetary damages are not available under IDEA. *Smith v. Robinson*, 468 U.S. 992, 1020–21, 104 S.Ct. 3457, 3472–73, 82 L.Ed.2d 746, 770 (1984). Generally damages are not available under the Act. *Dubois v. Connecticut State Board of Education*, 1986 WL 15484 (D.Conn.1986). As plaintiffs' complaint addresses "a handicapped child's claim to a free appropriate public education" plaintiffs must look to the EHA to establish the remedies available to them.

In *Smith*, the Supreme Court stated: "[w]ithout expressing an opinion on the matter, we note that courts generally agree that damages ... are available under the EHA only in exceptional circumstances." 468 U.S. at 1020, n. 24, 104 S.Ct. at 3472, n. 24 (1984). The court went on to observe, however, that a damages award would be inconsistent with the intent of Congress. As this appears to be an unpublished opinion, a copy of it for counsel's benefit is attached to this order.

We join the Seventh, Eighth, and Eleventh Circuits in finding that the "appropriate relief" authorized by EAHCA generally includes prospective relief and that a damage remedy is not generally consistent with the goals of the statute. See, *Marvin H. v. Austin Independent School District*, 714 F.2d 1348, 1356 (5th Cir.1983).

The court agrees with defendants' counsel that Casey J. is not entitled to compensation for the time he attended Project ME.

After reading the plethora of post trial motions, there appears to be confusion all around with the court taking equal blame.

The following suggestion is made. The status of the case is such that another trial on the jury issues shall be necessary unless this case can be resolved by settlement. If counsel is so disposed another pretrial hearing or settlement conference can be scheduled. A response from counsel would be appreciated on or before September 30, 1991.